USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: OCT 2 4 2012

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X

Klipsch Group, Inc.,

                                Plaintiff,

          -v-

Big Box Store Ltd. d/b/a BigBoxStore.com and
BigBoxSave.com, *et al.*,

                                Defendants.

-------------------------------------------------------------- X

12 Civ. 6283 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

      On October 11, 2012, the Court issued an Order reducing from $2 million to $20,000 the amount of Defendant DealExtreme's assets that Plaintiff may restrain ("October 11 Order") (Docket # 67). On October 15, 2012, Plaintiff filed an interlocutory appeal of the October 11 Order and, the next day, applied to this Court for a stay of the October 11 Order pending a resolution of that appeal. (Docket # 77). On October 24, 2012, the Court issued an Opinion further elaborating on the findings and legal conclusions underlying its decision to reduce the size of the asset restraint in the October 11 Order. (Docket # 86). For the reasons that follow, Plaintiff's request for a stay pending appeal is DENIED, and a temporary stay is GRANTED to allow the Court of Appeals time to consider the matter.

### I.   LEGAL STANDARD

      In the Second Circuit, a court determining whether to issue a stay pending appeal must consider "(1) whether the stay applicant has made a strong showing that [it] is likely to succeed on the merits, (2) whether the applicant will be irreparably injured absent a stay, (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding, and (4) where the public interest lies." *In re World Trade Ctr. Disaster Site Litig.*, 503 F.3d 167, 170 (2d Cir. 2008) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). Courts treat these factors as a "sliding scale" and the required likelihood of success will vary according to the Court's assessment of the other factors. *See Thapa v. Gonzalez,* 460 F.3d 323, 334 (2d Cir. 2006).

## II. DISCUSSION

For the reasons set forth in the Court's October 24, 2012 Opinion (Docket # 86), the Court finds that Plaintiff is not likely to succeed on appeal. The Supreme Court and the Second Circuit's precedents are clear in holding that the Court's equitable powers may not be exercised to issue an injunction solely to preserve an award of monetary damages in a case brought at law. *Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308 (1999); *S.E.C. v. Cavanagh*, 445 F.3d 105, 117–18 (2d Cir. 2006). All case law known to the Court finds that statutory damages under the Lanham Act constitute a legal remedy, rather than an equitable one. *See, e.g., Yurman Design, Inc. v. PAJ, Inc.*, 93 F. Supp. 2d 449, 462 n.5 (S.D.N.Y. 2000) (Sweet, J.). And all case law known to the Court confines the remedy of an accounting to the profits of counterfeiting activity. *See, e.g., George Basch Co., Inc. v. Blue Coral, Inc.*, 968 F.2d 1532, 1537–39 (2d Cir. 1992). As a result, Plaintiff is not likely to succeed in arguing that the Court erred as a matter of law in declining to impose a continued restraint on assets claimed for a possible future award of statutory damages.

Also for the reasons stated in the October 24, 2012 Opinion, the Court concludes that Plaintiff does not have a strong likelihood of success on appeal based on its allegations that the Court erred in determining that the majority of the assets restrained are unrelated to counterfeiting activity. Furthermore, the Court found that even if it does have the authority to issue an injunction solely to preserve assets in anticipation of a possible award of statutory damages, it would not be equitable to restrain assets in excess of $20,000 in this case.

With respect to the balance of hardships, as discussed in the October 24, 2012 Opinion, the Court finds that the balance weighs in favor of DealExtreme. Plaintiff will not suffer a substantial hardship because, in the event that Plaintiff obtains a judgment against DealExtreme at the end of this litigation, DealExtreme has sufficient funds to satisfy that judgment. Additionally, no showing has been made that DealExtreme is in a position to reorganize its $130 million per year business—particularly its payment processing mechanisms—simply to avoid paying a judgment in this case. As a result, should it become necessary, DealExtreme's money will be sufficiently available for Plaintiff to seize as a judgment creditor. By contrast, the $2 million asset freeze poses a hardship for DealExtreme by significantly hindering its available cash flow.

Having considered Plaintiff's low likelihood of success on appeal, the balance of hardship weighing in favor of Defendant, and the public interest, the Court concludes that a stay of this action pending resolution of the appeal is not appropriate.

## CONCLUSION

Plaintiff's motion for a stay of the reduction in the asset freeze pending appeal is DENIED.

The Court grants a temporary stay to allow the Court of Appeals time to determine whether a further stay is warranted. It is therefore ORDERED that the reduction in the asset restraint from $2 million to $20,000 shall be stayed until Tuesday, October 30, 2012, at 5:00 PM. At that time, if no further stay has been granted, Plaintiff shall immediately inform PayPal of this Court's Order requiring the reduction in the restraint to occur forthwith.

SO ORDERED.

Dated: October 24, 2012
New York, New York

_____
ALISON J. NATHAN
United States District Judge